Marc A. Pilotin
Regional Solicitor
Boris Orlov
Counsel for Wage and Hour
M. Ana Hermosillo
Senior Trial Attorney
UNITED STATES DEPARTMENT OF LABOR
300 Fifth Ave., Suite 1120
Seattle, WA 98104-2397
Telephone:  206-757-6751
Fax:  (206) 757-6761
Hermosillo.Mary.A@dol.gov
*Attorneys for Plaintiff Martin J. Walsh,*
*Secretary of Labor, United States Department of Labor*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Martin J. Walsh,<br>    Secretary of Labor,<br>    United States Department of Labor,<br><br>                                    Plaintiff,<br><br>        v.<br><br>Artificial Grass Masters, LLC d/b/a Artificial Grass Masters and Sun Screens for Less, an Arizona Limited Liability Corporation, and Joshua Apodaca, individually and as a managing agent of corporate defendant,<br><br>                                    Defendants. | Case No. [Case Number]<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT** |

1.     Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor, brings this action to Defendants Artificial Grass Masters, LLC, an Arizona Limited Liability Corporation ("AGM"), and Joshua Apodoca, individually and as a managing agent of corporate defendant (collectively the "Defendants"), from violating provisions of Sections 7, 15, 15(a)(2), 15(a)(3) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 207, 215(a)(2), 215(a)(3) and 215(a)(5), and to recover

amounts owed under the FLSA to employees of Defendants, as listed by name in the attached Exhibit A to this complaint, for the period from August 23, 2018, through April 22, 2021, 2021.

2.     This Court has subject matter jurisdiction of this action under Section 17 of the FLSA, 29 U.S.C. § 217; this Court also has subject matter jurisdiction of this action under 28 U.S.C. § 1331 (federal question) and § 1345 (United States as Plaintiff).

3.     (a) Defendant AGM is and at all relevant times has been an Arizona Limited Liability Corporation, with an office and place of business at 16681 N. 84th Avenue, Suite 140, Peoria, AZ 85382, within the jurisdiction of this Court, and has been engaged in the business of the sale and installation of artificial grass.

(b) Defendant Joshua Apodaca resides in Glendale, Arizona, within the within the jurisdiction of this Court.

(c) Defendant Joshua Apodaca is and at all relevant times has been acting directly or indirectly in the interest of AGM, in relation to the employees of AGM.

4.     Defendants' activities constitute and, at all times material hereto, have constituted related activities performed through unified operation or common control for a common business purpose. As such, Defendants are, and at all times material hereto have been, an "enterprise" as defined in FLSA § 3(r), 29 U.S.C. § 203(r).

5.     The aforesaid enterprise has, and at all times material hereto has had, employees engaged in commerce or in the production of goods for commerce, or in handling, selling or otherwise working on goods or materials which have been moved in or produced for commerce. Said enterprise has, and at all times material hereto has had, an annual gross volume of sales made or business done (exclusive of any excise taxes at the retail level, if any, that were separately stated) of no less than $500,000.00; and said enterprise constitutes, and at all times material hereto has constituted, an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s), 29 U.S.C. § 203(s).

6.     Defendants, individually and jointly, serving as agents for one another, have

controlled the material aspects of the employment relationship with all employees, at AGM's office and place of business, or where operated or operate, including, hiring, firing, setting pay rates, setting work schedules, assigning work, and preparing and maintaining pay records; these employees are listed in the attached Exhibit A. As such, Defendants are jointly and severally liable for all back wages due to their employees.

7.      Defendants have violated the provisions of Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing their employees engaged in commerce or in an enterprise engaged commerce, within the meaning of FLSA § 3(s), 29 U.S.C. § 203(s), for workweeks longer than 40 hours without compensating the employees for all their employment in excess of 40 hours in such workweeks at rates not less than one and one-half the regular rates at which they were employed.

8.      At all relevant times, Defendants have willfully and repeatedly violated §§ 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2). Defendants knew or should have known of the FLSA's overtime requirements, but nevertheless employed, and continue to employ, workers without properly compensating them.  Section 17 of the FLSA, 29 U.S.C. § 217, authorizes the Court to enter a judgment that enjoins and restrains this violation, including restraining Defendants from withholding payment of unpaid overtime compensation found to be due to present and former employees, including the persons named on the attached Exhibit A.

9.      Defendants have violated the provisions of Sections 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. § 211(c) and § 215(a)(5), by failing to maintain, keep, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by the regulations promulgated by the Plaintiff-Secretary pursuant to the authority granted in the FLSA and published in the Federal Register and known as Title 29, Code of Federal Regulations, Part 516.

10.     At all relevant times, Defendants have willfully and repeatedly violated Sections 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. § 211(c) and § 215(a)(5). Defendants knew or should have known of the Act's recordkeeping requirements, and continued to

create and maintain inaccurate, incomplete, and/or falsified records of employees' hours worked and wages paid, and destroyed partial records of hours worked.

11.     Defendants have willfully and repeatedly violated the provisions of Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), by retaliating against employees who complained about FLSA violations and interfering and impeding in the employees' ability to notify the Secretary of Labor of FLSA violations.

## PRAYER FOR RELIEF

WHEREFORE, the Secretary prays for a judgement against Defendants as follows:

A. For an order pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, and employees, and those persons in active concert or participation with them, from prospectively violating the provisions of Sections 7, 15(a)(2), 15(a)(3) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 207, 215(a)(2), 215(a)(3) and 215(a)(5); and

B.      For an order:

(i) pursuant to FLSA § 16(c), 29 U.S.C. § 216(c) finding the Defendants liable for any unpaid overtime compensation that may be found by the Court to be due under the FLSA plus an additional amount as and for liquidated damages, equal to any overtime compensation found to have accrued under the FLSA, to present and former employees of Defendants including the persons listed by name on the attached Exhibit A; or

(ii) in any instances where liquidated damages are not awarded herein, restraining, pursuant to FLSA § 17, 29 U.S.C. § 217, the Defendants, their officers, agents, servants and employees and all persons in active concert or participation with them, from continuing to withhold the payment of any unpaid overtime compensation that may be found by this Court to have accrued under the FLSA to present and former employees of Defendants including the persons listed by name on the attached Exhibit A, plus pre-judgment interest thereon; and,

C. Awarding the Secretary the costs of this action and providing such further legal and equitable relief as may be deemed appropriate.

Dated: April 22, 2022.

SEEMA NANDA
Solicitor of Labor

MARC A. PILOTIN
Regional Solicitor

BORIS ORLOV
Wage and Hour Counsel

/s/ *Ana Hermosillo*
M. ANA HERMOSILLO
Senior Trial Attorney
Attorneys for the Plaintiff
U.S. Department of Labor

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28