# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Martin J Walsh, Secretary of Labor United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>Artificial Grass Masters LLC, and Joshua Apodoca,<br><br>Defendants. | No. CV-22-00668-PHX-JAT<br><br>**CONSENT JUDGMENT** |

Plaintiff Martin J. Walsh, Secretary of Labor United States Department of Labor (the "Secretary"), and Defendants Artificial Grass Masters, LLC, an Arizona Limited Liability Corporation, and Joshua Apodoca, individually and as a managing agent of corporate defendant, (collectively "Defendants"), have agreed to resolve the matters in controversy in this civil action and consent to the entry of this Consent Judgment in accordance herewith:

A. The Secretary has filed Complaint alleging that Defendants violated provisions of Sections 15(a)(2), 15(a)(3), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§215(a)(2), 215(a)(3) and 215(a)(5).

B. Artificial Grass Masters, LLC and Joshua Apodoca have retained defense counsel, and acknowledge receipt of a copy of the Secretary's Complaint in this action.

C. Defendants waive formal service and acknowledge receipt of the Secretary's Complaint.

D.  The Secretary conducted an investigation of Defendants pursuant to the FLSA covering the period of April 23, 2018 through April 22, 2021. The Defendants and the Secretary (the "Parties") have agreed to settle and resolve alleged violations of the FLSA attributable to Defendants through this Consent Judgment.

E.  The Parties waive Findings of Fact and Conclusions of Law, and agree to the entry of this Consent Judgment in settlement of this action, without further contest.

F.  Defendants admit that the Court has jurisdiction over the Parties and subject matter of this civil action and that venue lies in the District of Arizona.

G.  Defendants represent that they and all individuals and entities acting on its behalf or their direction and any individual, entity, or corporation with ownership or managerial authority over Defendants have notice of, and understand, the provisions of this Consent Judgment.

H.  Defendant Joshua Apodoca admits that he functioned as an individual employer by acting directly or indirectly in the interest of Defendant Artificial Grass Masters, LLC, in relation to their employees within the meaning of FLSA Section 3(d), 29 U.S.C. § 203(d).

I.  Defendants' activities constitute and at all relevant times constituted related activities performed through unified operation or common control for a common business purpose, and at all relevant times have been an "enterprise" as defined in FLSA Section 3(r), 29 U.S.C. § 203(d).

J.  At all relevant times, Defendants' employees, including, but not limited to, drivers, installers, repairers (collectively "Artificial Grass Employees") were or engaged in commerce and/or handling working on goods that have been moved in commerce, as they regularly handle goods that had or have been shipped from places outside the state of Arizona. Defendants' enterprise has and all relevant times has had an annual gross volume of sales made or business done of no less than $500,000.00, and said enterprise constitutes, and all relevant times has constituted, an "enterprise engaged in commerce or in the production of goods for commerce" as defined by FLSA § 3(s), 29 U.S.C. §203(s). As such, Artificial Grass Employees are covered by the FLSA, including its wage,

recordkeeping and anti-discrimination provisions.

K.   Defendants admit they are an employer covered and subject to the FLSA.

L.   Defendants acknowledge that Defendants and any individual or entity acting on their behalf or at their direction (including but not limited supervisors, managers, foremen, and individuals performing payroll duties) will be provided with notice of the provisions of this Consent Judgment within thirty (30) days of entry.

M.   Defendants each understand and expressly acknowledge that the provisions and safeguards guaranteed under the FLSA to employees, including but not limited to those found in Sections 6, 7, 11(c), 15(a)(2), 15(a)(3), and 15(a)(5), apply to the Artificial Grass Employees.

N.   Defendants each understand and expressly acknowledge that it is "unlawful for any person…to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under [the FLSA], or has testified or is about to testify in any such proceeding…" *See* 29 U.S.C. §215(a)(3). Defendants each understand and expressly acknowledge that it is illegal to retaliate in any manner against any employee, including the Artificial Grass Employees, because he or she has participated in the instant proceedings by, among other things, talking to the Secretary's representatives, providing deposition or trial testimony, or in any way pursuing his or her rights under the FLSA. Defendants each further understand and expressly acknowledge that taking any retaliatory actions against any employee in violation of the FLSA and the express terms of this Consent Judgment may subject Defendants to equitable and legal damages, including punitive damages and civil contempt.

O.   Defendants each admit and agree that no later than forty-five (45) calendar days from the date the parties sign this judgment they will classify all workers, including, but not limited to, drivers, installers, and repairers as employees under the FLSA.

P.   Defendants understand and agree that demanding or accepting any of the funds due employees under this Consent Judgment or threatening any employee or retaliating against

any employee for accepting money due under this Consent Judgment or exercising their rights under the FLSA is specifically prohibited by this Consent Judgment and may subject the Defendants to equitable and legal damages including punitive damages and civil contempt.

## JUDGMENT AND ORDER

Therefore, upon the agreement of the parties to this action, the Joint Motion (Doc. 6) is granted as follows (to the extent this Judgment differs from the Joint Motion, this Judgment controls):

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that, pursuant to 29 U.S.C. Section 217 of the FLSA, Defendants, their officers, agents, services, employees, successor companies, parties in interest, and all persons and entities acting at their direction or in concert or in participation with them are permanently enjoined and restrained from violating the provisions of the FLSA, including through any of the following manners:

1. Defendants shall not, contrary to 29 U.S.C. Section 207, employ any employee who in any workweek is engaged in commerce, within the meaning of the FLSA, or is employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. Section 203, for any workweek longer than 40 hours unless such employee receives compensation for his or her employment in excess of 40 hours in such workweek at a rate not less than one and one-half times the regular rate at which he or she is employed (the regular rate is calculated by dividing the employee's total weekly earnings before any deductions are made by the total number of hours worked in that workweek).

2. Defendants shall not fail to make, keep, make available to authorized agents of the Secretary for inspection, transcription, and/or copying, upon their hours, and other conditions and practices of employment maintained, as prescribed by regulations issued, and from time to time to amended, pursuant to 29 U.S.C. Sections 211(c) and 215(a)(5) and the implementing regulations found in Title 29, Code of Federal Regulations, Part 516.

3. Defendants shall not, contrary to Section 15(a)(3) of the FLSA discharge, threaten to discharge, lay off, refuse to provide work, reduce the work schedule or wages,

intimidate, intimidate by brandishing firearms or weapons, provide negative employment references or take any steps to interfere with an employee's application to work for another employer, or in any other manner discriminate against any employee as a result of this litigation or because such employee has filed any complaint under or related to the FLSA, has spoken to the Secretary's representatives (or provided a statement) in connection with this litigation, has provided deposition testimony in this litigation, and/or has been named as a witness on the Secretary's witness list. Defendants shall not terminate, refuse to provide work for, reduce the work, or lay off any employee as a result of this litigation or employee actions to enforce rights protected by the FLSA.

4. Defendants shall not, contrary to the FLSA, improperly classify workers, including, but not limited to, drivers, daily workers, installers, and repairers, as independent contractors or otherwise as non-employees, but shall treat and classify said individuals as employees who shall enjoy all protections and safeguards guaranteed under the FLSA, including but not limited to those found in Sections 6, 7, 11(c), 15(a)(2), 15(a)(3) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 206, 207, 211(c), 215(a)(2), 215(a)(3), and 215(a)(5).

5. Defendants shall, no later than forty-five (45) calendar days from the date Defendants signed this judgment, classify all workers, including, but not limited to, drivers, installers, and repairers as employees under the FLSA.

6. Defendants, jointly and severally, shall not continue to withhold the payment of **$92,500.00** in overtime pay hereby due by the Defendants under the FLSA to employees, as a result of their employment by Defendants during the period of April 23, 2018 through April 22, 2021 ("Back Wage Accrual Period").

7. Liquidated damages in the amount of **$92,500.00** (constituting 100 percent of the back wages that so became due) are hereby due under the FLSA.

8. Defendants, jointly and severally, will further pay the Department of Labor an additional sum of **$15,000.00** in civil money penalties on dates specified in Exhibit 1.

9. The total amount Defendants owe in unpaid minimum wages, unpaid overtime, liquidated damages and civil money penalties under this Consent Judgement is $200,000

plus interest at one percent per annum. Defendants shall pay an initial $50,000 on or before April 25, 2022. Defendants must then pay the remaining $150,000 plus interest due under this Consent Judgment to the Department of Labor Wage and Hour Division as described in Exhibit 1.

10. To accomplish the requirements of Paragraphs 6-9 Defendants shall deliver to the Wage and Hour Division, United States Department of Labor, 230 N. First Avenue, Suite 402, Phoenix, Arizona 85003 the following:

    a. Within ten (10) days of execution of this Consent Judgment, shall deliver a schedule, as described in the below paragraph, via certified registered mail to the District Director, U.S. Department of Labor Wage and Hour Division, 230 N. First Avenue, Suite 402, Phoenix, Arizona 85003, and send a copy via email to the undersigned counsel for the Secretary.

        i. The schedule shall contain the following information: (a) the last known address, telephone number, and email address of each named employee in Exhibit 2; (b) the social security number of each named employee, if maintained by the Defendants; (c) the gross amount due each employee named in Exhibit 2; ("Net Back Wage Schedule").

    b. The payments shall be made directly to the U.S. Department of Labor through the Department's online payments system by ACH transfer, credit card, debit card, or digital wallet.

        i. For the back wage and liquidated damages payments Defendants will access the system by going to: https://pay.gov/public/form/start/77761888 or by going to www.pay.gov and searching for "WHD Back Wage Payment Form – Western Region."

        ii. For the civil money penalty payment, Defendants will access this system by going to: https://pay.gov/public/form/start/77743734 or by going to www.pay.gov and searching "WHD Civil Money Penalty Payment Form – Western Region."

    c. The Secretary will distribute the back wages and liquidated damages to the persons named on Exhibit 2, or to their estates if necessary, in his sole discretion, and any

money not so paid within a period of three (3) years from the date of its receipt, because of an inability to locate the proper persons or because of their refusal to accept it, shall be deposited in the Treasury of the United States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c).

11.     In the event of any default in the timely making of any payment due hereunder, the full amount due under the back wage provisions of this Judgment which then remains unpaid, plus post-judgment interest at the rate of 1.96% per year, from the date of this Judgment until paid in full, shall become due and payable upon the Secretary's sending by ordinary mail a written demand to the last business address of Defendants then known to the Secretary with electronic copies also concurrently e-served on Defendants' counsel of record.

12.     Defendants shall comply with the FLSA, and if not already in effect at the time of entry of this Consent Judgment, shall amend and maintain their payroll practices as follows:

    a.     Defendants shall pay all employees on an hourly basis.

    b.     Defendants shall accurately record the information required by 29 C.F.R. § 516.2 in the payroll records, including (a) all hours worked by employees each workday and workweek; (2) the rate(s) of pay for each of the hours worked during the workweek; (3) the total weekly straight-time earnings for the hours worked during the workweek; and (4) the total premium pay for overtime hours.

    c.     Defendants' electronic timekeeping system shall permit employees (as opposed to supervisors) to track their individual work hours daily. The electronic timekeeping system shall be used to calculate hours worked for payroll purposes. If changes in the time records later are required, Defendants shall designate and authorize one or more individuals in Artificial Grass Masters to correct time entry errors, and the employee must sign off on the change.

    d.     Defendants shall maintain all time and payroll records, including any records of cash payments to Artificial Grass Employees, for a period of not less than three years.

e. Defendants shall record all wages paid to employees, regardless of the manner of payment, on its payroll records, and any expense reimbursements may be recorded in Defendants' accounts payable system.

f. Defendants shall inform all supervisors, managers, and persons performing payroll duties of the requirements of this Consent Judgment and shall provide a copy of this Consent Judgment to all supervisors, managers, and persons performing payroll duties.

g. Defendants shall not alter or manipulate time or payroll records to reduce the number of hours actually worked by an employee, and Defendants shall not encourage workers to under-report their hours worked.

h. Defendants shall not direct supervisors, managers or persons performing payroll duties to falsify time or payroll records in any manner including reducing the number of hours worked by employees, and Defendants shall direct their supervisors, managers, and persons performing payroll duties to encourage workers to report all hours worked.

13. Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them, shall not in any way directly or indirectly, demand, require or accept any of the back wages or liquidated damages from any of the employees listed on the attached Exhibit 2. Defendants shall not threaten or imply that adverse action will be taken against any employee because of their receipt of funds due under this Consent Judgment. Violation of this Paragraph may subject the Defendants to equitable and legal damages, including punitive damages and civil contempt.

14. Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them, shall not in any way retaliate or take any adverse employment action, or threaten or imply that adverse action will be taken against any employee who exercises or asserts his or her rights under the FLSA or provides information to any public agency investigating compliance with the FLSA. Violation of this Paragraph may subject the Defendants to equitable and legal damages, including punitive damages and civil contempt.

15. Within 30 days of signing this consent judgment, the Defendants shall:

    a. Engage, at their own expense, an independent third-party monitor, not connected with their business, defense in this case, or Phocus Companies, for the purposes of conducting two annual FLSA compliance audits;

    b. The audits shall contain, at a minimum, notes from employee interviews, the name, address, phone number of each employee and whether the employee is classified as FLSA exempt, FLSA non-exempt, if the employee receives a daily rate, if the employee is paid in cash or by check, the start and end times of each employee's work day for every work day during the period covered by the third-party audit, the regular rate of pay for each employee, the gross weekly straight time and overtime wages owed to each employee for the pay period covered by the third-party audit based on the employee's hours worked and regular rate of pay; the gross weekly straight time and overtime wages owed to each employee for each pay period covered by the third-party audit based on the employee's hours worked and regular rate of pay; and the gross weekly straight time and overtime wages actually paid to each employee for each pay period covered by the third party audit;

    c. The independent third-party monitor shall request and conduct interviews with Defendants' employees as part of the audit process;

    d. Before the third-party monitor begins work (and no later than 30 days from the date of this Judgment), Defendants shall provide the identity and curriculum vitae of said proposed third-party monitor to the District Director of the Wage and Hour Division's Phoenix office. The District Director shall have the right to reject the selected monitor within 10 days and direct that a different monitor be proposed. If the third-party monitor is not rejected by the District Director within this 10-day period, Defendants' proposed third-party monitor will be deemed to be approved by the District Director. If a proposed third-party monitor is rejected by the District Director, Defendants shall propose a new third-party monitor within 15 days of the rejection. If the District Director rejects three monitors proposed by the Defendants, the Secretary may file a motion within 15 days of the third proposed third-party monitor being rejected asking the Court to select the third-party

monitor (in any such motion the Secretary must propose a third-party monitor). If no motion is made within this period, the Secretary will be deemed to have waived the third-party monitor requirement. Once a third-party monitor is approved by the District Director, such monitor does not have to be re-approved before each audit, instead only a change in the third-party monitor (after initial approval) would require new District Director approval; and

     e.    The third-party monitor shall have the ability to communicate with Defendants' employees in their native language(s), or, shall be provided with an interpreter as necessary at Defendants' expense.

16. Defendants shall cooperate in full with the third-party monitor, including providing the monitor access to the worksite(s) of the employees and to payroll and time records.

17. If the third-party monitor finds violations of the FLSA, or regulations issued under the FLSA, that result in back wages due, Defendants shall pay the wages due within 30 days and shall provide a copy of the written report to the District Director of the Wage and Hour Division's Phoenix office.

18. If the third-party monitor directs changes in Defendants' policies and/or procedures, or directs that the Defendants take action to comply with the FLSA or regulations issued under the FLSA, the Defendants shall do so.

19. The third-party monitor shall have the duty to conduct off-site interviews with Defendants' workers; such interviews, and other communications between workers and the monitor may be kept confidential (except as to authorized representatives of the U.S. Department of Labor) at the option of each worker and copies of all notes and interviews conducted by the monitor may be turned over by the monitor to the District Director, Phoenix Office, U.S. Department of Labor, along with the audit report, if requested by the District Director, Phoenix District Office, U.S. Department of Labor.

20. Defendants shall not discriminate or retaliate against workers for cooperating or communicating with the third-party monitor.

21. Within 30 days of the entry of this Consent Judgment, Defendants shall supply all

of their employees with copies of the attached Exhibit 3, which summarizes terms of this Consent Judgment and the employees' rights under the FLSA. The English version is attached to this Judgment at Exhibit 3; the parties may translate this to any other languages necessary to communicate with Defendants' employees. In addition, Defendants shall provide copies of Exhibit 3 to all new hires, and post a copy at its warehouse in an area that is frequented by employees and where it is visible. In addition, within 10 days of the entry of this Consent Judgment, Defendants shall post this Consent Judgment (excluding Exhibits 1-3) at its warehouse in an area that is frequented by employees and where it is visible. This paragraph, 21, shall be in effect for a period of three years from the date entry of this Consent Judgment by the Court.

22. Within six (6) months of the date that the last Defendant signs this Consent Judgment, the Defendants shall permit the Wage and Hour Division, Phoenix District Office to conduct a training for all employees, which shall be compensable time for which Defendants' employees shall receive pay. Defendants shall work with the Wage and Hour Division, Phoenix District Office regarding any training session. Topics to be covered by such training must include, but are not limited to: minimum wage, overtime, the definition of hours worked, breaks and recordkeeping provisions of the FLSA. Any notice under this Consent Judgement may be served on the Defendants by serving a written notice on Defendants' counsel of record in this matter Michael J. McGirr, 7600 N. 16th St., Suite 100, Phoenix, Arizona 85020, 602-457-2191, Mick@PhocusCompanies.com.

IT IS FURTHER ORDERED that the filing, pursuit, and/or resolution of this proceeding with the entry of this Consent Judgment shall not act as or be asserted as a bar to any action or claim under FLSA 29 U.S.C. § 216(b), as to any employee not named on the attached Exhibit 1, nor as to any employee named on the attached Exhibit 1 for any period not specified therein, nor as to any employer other than Defendants; and

IT IS FURTHER ORDERED that the filing, pursuit, and/or resolution of this proceeding with the entry of this Judgment shall act as a bar to any action or claim against Defendants under FLSA § 16(b), 29 U.S.C. § 216(b), as to any employee named on the

attached Exhibit 1 for the period listed therein; and

IT IS FURTHER ORDERED that this Judgment represents a full, final, and complete judicial resolution of all claims alleged against Defendants in the Secretary's Complaint, including all FLSA matters arising out of the Investigation, as that term is defined in the Complaint, except that the filing, pursuit, and/or resolution of this proceeding with the entry of this Judgment shall not act as or be asserted as a bar to any action or claim under the FLSA as to any employer other than Defendants; and

IT IS FURTHER ORDERED that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended; and

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment. This Consent Judgment and all provisions herein, other than the payment provisions, will expire in 10 years unless the Secretary moves (and shows cause) to extend or renew it. The payment provisions will expire upon completion of payment in full.

Dated this 28th day of April, 2022.

James A. Teilborg
Senior United States District Judge

**EXHIBIT 1**

**PAYMENT PLAN**

|     | Payment on or before: | Amount: | Principal | Interest | Payment for: |
|-----|-----------------------|---------|-----------|----------|--------------|
|     |                       |         |           |          |              |
| 1.  | April 25, 2022        | $62,567.81 | $62,500 | $67.81 | Liquidated Damages and Interest |
| 2.  | May 25, 2022          | $12,567.81 | $12,500 | $67.81 | Liquidated Damages and Interest |
| 3.  | June 25, 2022         | $12,567.81 | $12,500 | $67.81 | Liquidated Damages and Interest |
| 4.  | July 25, 2022         | $5,027.81  | $5,000  | $27.81 | Liquidated Damages |
| 5.  | July 25, 2022         | $7,540.69  | $7,500  | $40.69 | Back Wages |
| 6.  | August 25, 2022       | $12,567.81 | $12,500 | $67.81 | Back Wages |
| 7.  | September 25, 2022    | $12,567.81 | $12,500 | $67.81 | Back Wages |
| 8.  | October 25, 2022      | $12,567.81 | $12,500 | $67.81 | Back Wages |
| 9.  | November 25, 2022     | $12,567.81 | $12,500 | $67.81 | Back Wages |
| 10. | December 26, 2022     | $12,567.81 | $12,500 | $67.81 | Back Wages |
| 11. | January 25, 2023      | $10,054.25 |         |        | Back Wages |
| 11. | January 25, 2023      | $2,513.56  |         |        | Civil Money Penalty |
| 12. | February 25, 2023     | $12,567.81 | $12,500 | $67.81 | Civil Money Penalty |
|     | Total                 | $200,813.72 | $200,000 | $813.72 |  |

15

[Proposed] Consent Judgment
Walsh v. Artificial Grass Masters LLC

**EXHIBIT 2**

| First Name | Last Name | BW Start Date | BW End Date | Back Wages | Liquidated Damages |
|---|---|---|---|---|---|
| SAMUEL | ALCANTAR | 06/18/2020 | 01/14/2021 | $830.85 | $830.85 |
| Francisco | Alonso | 08/30/2018 | 04/22/2021 | $4,293.91 | $4,293.91 |
| Jonathan | Alvarenga | 04/15/2021 | 04/22/2021 | $175.69 | $175.69 |
| ANN | ARAGON | 10/03/2019 | 02/18/2021 | $1,281.60 | $1,281.60 |
| Giovanni | Arreola | 01/10/2019 | 01/10/2019 | $347.74 | $347.74 |
| KEVIN | AUGILAR | 10/01/2020 | 10/15/2020 | $108.56 | $108.56 |
| VASQUEZ | AZAREL | 03/05/2020 | 04/15/2021 | $1,054.17 | $1,054.17 |
| Lucy | Beltran | 05/30/2019 | 09/05/2019 | $379.07 | $379.07 |
| Raul | Bencomo | 05/10/2018 | 06/20/2019 | $1,019.38 | $1,019.38 |
| GUILLERMO | BLETRAH | 08/27/2020 | 02/11/2021 | $370.91 | $370.91 |
| JOSE | BRECEDA | 08/15/2019 | 04/22/2021 | $2,909.23 | $2,909.23 |
| FABIO | CABERA | 01/09/2020 | 04/22/2021 | $2,317.13 | $2,317.13 |
| Vanesa | Campa | 02/14/2019 | 08/15/2019 | $1,268.88 | $1,268.88 |
| CARLOS | CHAN | 02/27/2020 | 03/25/2021 | $1,002.06 | $1,002.06 |
| Juan | Contreras | 01/10/2019 | 04/15/2021 | $2,983.99 | $2,983.99 |
| Nathan | Dahling | 06/27/2019 | 06/27/2019 | $115.94 | $115.94 |
| Ezekiel | Delgadillo | 01/10/2019 | 07/16/2020 | $2,253.90 | $2,253.90 |
| Ezekiel | Delgadillo Sr | 01/24/2019 | 12/19/2019 | $1,709.24 | $1,709.24 |
| DOMINIC | DIAZ | 11/07/2019 | 11/07/2019 | $54.97 | $54.97 |
| Ignacio | Dominguez | 08/09/2018 | 04/22/2021 | $6,615.57 | $6,615.57 |
| Christine | Durling | 11/12/2018 | 09/26/2019 | $3,926.69 | $3,926.69 |
| Josh | Ecklund | 02/14/2019 | 04/22/2021 | $5,585.33 | $5,585.33 |
| Miguel | Fernandez | 11/19/2020 | 03/11/2021 | $76.36 | $76.36 |
| EDWARDO | GARCIA | 10/29/2020 | 04/22/2021 | $1,167.35 | $1,167.35 |
| Fredy | GARCIA | 05/30/2019 | 04/22/2021 | $2,606.98 | $2,606.98 |
| Victor | GARCIA | 07/18/2019 | 04/22/2021 | $2,690.32 | $2,690.32 |
| Jesus | Gastelum | 03/25/2021 | 04/22/2021 | $397.47 | $397.47 |
| Hugo | Hernandez | 01/10/2019 | 08/22/2019 | $1,571.28 | $1,571.28 |
| Oscar | Hernandez | 06/20/2019 | 07/16/2020 | $1,939.32 | $1,939.32 |
| Chantell | Jensen | 06/18/2020 | 04/01/2021 | $1,191.26 | $1,191.26 |
| JORDAN | Jensen | 01/23/2020 | 05/21/2020 | $694.50 | $694.50 |
| JOSE | JIMENEZ | 11/14/2019 | 11/14/2019 | $43.68 | $43.68 |
| Gregory | Johnston | 04/01/2021 | 04/22/2021 | $33.00 | $33.00 |
| Felicia | Kinney | 03/28/2019 | 05/02/2019 | $177.00 | $177.00 |
| Sheldon | Kobold | 04/23/2018 | 08/06/2020 | $13,749.54 | $13,749.54 |
| Stefan | Kobold | 04/26/2018 | 06/07/2018 | $106.69 | $106.69 |
| FERNANDO | LOPEZ | 07/02/2020 | 12/03/2020 | $616.32 | $616.32 |
| WILSON | LOPEZ | 05/30/2019 | 06/11/2020 | $1,530.71 | $1,530.71 |
| Margarito | Marcelino | 04/01/2021 | 04/22/2021 | $374.54 | $374.54 |
| BRIAN | MARTINEZ | 07/30/2020 | 04/22/2021 | $732.13 | $732.13 |
| ISAC | MARTINEZ | 07/30/2020 | 04/22/2021 | $132.23 | $132.23 |
| ROBERT | MIRANDA | 10/29/2020 | 04/15/2021 | $524.52 | $524.52 |
| Andres | Morales | 01/10/2019 | 04/22/2021 | $4,017.61 | $4,017.61 |
| Arturo | Morales | 09/13/2018 | 02/25/2021 | $3,072.65 | $3,072.65 |
| ANGEL | MUNOS | 07/23/2020 | 04/22/2021 | $469.48 | $469.48 |

| First Name | Last Name | BW Start Date | BW End Date | Back Wages | Liquidated Damages |
|---|---|---|---|---|---|
| Jonathan | OSORIO | 02/20/2020 | 04/22/2021 | $1,766.83 | $1,766.83 |
| JOSE | PACHECO | 12/17/2020 | 04/15/2021 | $410.18 | $410.18 |
| Galdino | Perez | 05/17/2018 | 06/14/2018 | $203.79 | $203.79 |
| JOSE | Perez | 04/15/2021 | 04/22/2021 | $220.76 | $220.76 |
| ADRIAN | REYES | 07/30/2020 | 08/27/2020 | $276.80 | $276.80 |
| Emmanuel | rios | 03/19/2020 | 06/04/2020 | $88.45 | $88.45 |
| Osbin | Rodriguez | 08/30/2018 | 10/24/2019 | $579.59 | $579.59 |
| RAFAEL | RUIZ | 09/17/2020 | 09/17/2020 | $50.01 | $50.01 |
| ALEXIS | SALINAS | 01/16/2020 | 07/16/2020 | $630.68 | $630.68 |
| Francisco | Sandoval | 05/17/2018 | 10/18/2018 | $233.99 | $233.99 |
| FLORENCIO | SANTIAGO | 10/29/2020 | 01/21/2021 | $297.76 | $297.76 |
| RIGO | SARAT | 09/17/2020 | 04/22/2021 | $1,565.03 | $1,565.03 |
| Luis | Soto | 02/21/2019 | 06/13/2019 | $474.52 | $474.52 |
| Miguel | Taboada | 09/13/2018 | 04/22/2021 | $171.93 | $171.93 |
| Richard | Taboada | 01/24/2019 | 04/22/2021 | $4,897.77 | $4,897.77 |
| Calvin | Taylor | 05/24/2018 | 08/09/2018 | $68.83 | $68.83 |
| CHANDLER | TEDFORD | 04/15/2021 | 04/22/2021 | $51.94 | $51.94 |
| Raul | Torres | 05/23/2019 | 06/18/2020 | $99.12 | $99.12 |
| RANDY | TREVINO | 01/09/2020 | 04/22/2021 | $615.31 | $615.31 |
| LEONARDO | VASQUEZ | 07/30/2020 | 08/27/2020 | $152.94 | $152.94 |
| Krzystof | Wasiak | 07/26/2018 | 02/25/2021 | $1,124.02 | $1,124.02 |
| **TOTALS** | | | | **$92,500.00** | **$92,500.00** |

Proposed] Consent Judgment
Walsh v. Artificial Grass Masters LLC

17

**EXHIBIT 3**  [TO BE PLACED ON EMPLOYER LETTERHEAD]

## LEGAL NOTICE TO ALL EMPLOYEES

The United States Department of Labor conducted an investigation of Artificial Grass Masters, LLC d/b/a Artificial Grass Masters and Sun Screens for Less, and Joshua Apodoca and has determined that persons who work here, including drivers, installers, and repairers ("you"), were wrongly classified as "independent contractors," and should instead have been treated as "employees" because your work is controlled by Artificial Grass Masters, LLC and you are not independent business people.

To settle and resolve a dispute with the with the United States Department of Labor, the United States District Court entered an Order requiring Artificial Grass Masters, LLC d/b/a Artificial Grass Masters and Sun Screens for Less, and Joshua Apodoca to pay the back wages and liquidated damages owed to you, and to take other steps to ensure that all employees are paid properly under the Fair Labor Standards Act ("FLSA"). All employees who work for Artificial Grass Maters, LLC, can help the employer not to violate the Court's Order. If you think you are not being paid in accordance with the law, call the U.S. Department of Labor, Wage and Hour Division, at (602) 514-7100 and your name will be kept confidential.

The FLSA provides that all employees must be paid **minimum wage** for all hours worked. In addition, all employees must be paid the **overtime** rate of time and one half their regular rate for hours worked over forty (40) in a workweek. All employees are entitled to overtime when they work over forty (40) hours.
The Fair Labor Standards Act provides that all employees must be paid minimum wage for all hours worked. In addition, non-exempt employees must be paid overtime, at a rate of time and one half their regular rate, for the hours they work over 40 in a workweek. All non-exempt employees, whether they are paid hourly or on a piece or flat rate basis are entitled to overtime when they work over 40 hours.

18

[Proposed] Consent Judgment
Walsh v. Artificial Grass Masters LLC

## **OVERTIME DAILY RATE EXAMPLES**

If you are paid a daily rate, the following examples demonstrate how to compute Arizona minimum wage and overtime:

**Example 1**:

Employee A is paid $90 per day for 5 days and worked 40 hours in a week

$90 x 5 days = $450 (pay received)

$450.00 / 40 hours = $11.25 per hour

Difference = $12.80 (Arizona Minimum Wage) - $11.25 = $1.55 per hour

$1.55 per hour x 40 hours = $62.00 Arizona minimum wage due

Total Pay: $450.00 in day rate + $62.00 in Arizona minimum wage = $512.00.

**Example 2**:

Employee B earns $750.00 in day rate pay and worked 50 hours in a week

$750.00 / 50 hours = $15.00 per hour

$15.00 per hour x 0.5 (half time) = $7.50 per hour due for OT hours

$7.50 x 10 OT hours = $75.00 in overtime premium due

Total pay: $750.00 in day rate pay + $75.00 in overtime premium = $825.00.

**Example 3**:

Employee C earns $900.00 in day rate pay and worked 60 hours in a week

$900.00 / 60 hours = $15.00 per hour

$15.00 per hour x 0.5 (half time) = $7.50 per hour due for OT hours

$7.50 x 20 OT hours = $150.00 in overtime premium due

Total pay: $900.00 in day rate pay + $150.00 in overtime premium = $1,050.00.

**Example 4**:

Employee D earns 500.00 in day rate pay and worked 50 hours in a week

$500.00 / 50 hours = $10.00 per hour

Difference in Reg. Rate = $12.80 (Arizona minimum wage) - $10.00 = $2.80 per hour

[Proposed] Consent Judgment
Walsh v. Artificial Grass Masters LLC

$2.80 x 50 hours = $140.00 in regular rate due

$12.80 x 0.5 (half time) x 10 OT hours = $64.00 in overtime premium due

$140.00 in regular rate and $64.00 in overtime premium = $204.00

Total Pay: $500.00 in day rate earnings + $140.00 in regular rate + $64.00 in overtime premium = $704.00

**OVERTIME DAILY RATE EXAMPLES**

If you are paid by the hour, the following examples demonstrate how to compute Arizona minimum wage and overtime:

**Example 1:**

Employee E was paid $11.00 per hour and worked 40 hours in a week

Difference = $12.80 (Arizona Minimum Wage) - $11.00 = $1.80 per hour

$11.00 per hour x 40 hours = $440.00 paid

$1.80 per hour x 40 hours = $72.00 Arizona minimum wage due

Total Pay: $440.00 + $72.00 in Arizona minimum wage = $512.00.

**Example 2**:

Employee F makes $15.00 per hour and worked 60 hours in a week

$15.00 x 40 hours = $600.00

$15.00 x 1.5 = $22.50 overtime hourly rate

$22.50 x 20 overtime hours = $450.00 for overtime hours

Total pay: $600.00 for the first 40 hours and $450.00 for 20 overtime hours = $1,050.00

20

[Proposed] Consent Judgment
Walsh v. Artificial Grass Masters LLC

**LEGAL NOTICE TO ALL EMPLOYEES CONTINUED**

- **THE MANAGERS OF ARTIFICIAL GRASS MASTERS AND JOSHUA APODOCA WILL NOT** instruct you to not talk to **Department of Labor Wage and Hour Investigators**.
- **THE MANAGERS OF ARTIFICIAL GRASS MASTERS AND JOSHUA APODOCA WILL NOT** instruct you to avoid going to the warehouse because a **Wage and Hour Investigator from the Department of Labor** is present.
- **THE MANAGERS OF ARTIFICIAL GRASS MASTERS AND JOSHUA APODOCA WILL NOT** require you to sign any statements about Department of Labor Findings.
- **THE MANAGERS OF ARTIFICIAL GRASS MASTERS AND JOSHUA APODOCA WILL NOT** ask you questions about the **Department of Labor Wage and Hour investigation** without first telling you that our interest may be adverse to yours, your participation is completely voluntary, you do not have to respond to any of the questions we ask, you are free to end the questioning at any time, no actions will be taken against you because of your responses to any of our questions or because you decide not to respond to a question or otherwise not participate.
- **YOU HAVE THE RIGHT** to refuse to sign statements about Department of Labor Findings.
- **YOU HAVE THE RIGHT** to refuse to answer our questions about the **Department of Labor Wage and Hour Investigation**, and no actions will be taken against you because of that refusal.
- **YOU HAVE THE RIGHT** to talk to **Department of Labor Wage and Hour Investigators**.
- **YOU HAVE THE RIGHT** to contact the **Department of Labor Wage and Hour** if you believe you are not paid for all the hours you work. The **United States**

21

[Proposed] Consent Judgment
Walsh v. Artificial Grass Masters LLC

**Department of Labor, Wage and Hour Division, may be contacted at (602) 542-4515 or 1-866-4-USWAGE (1-866-487-9243). For more information you can visit the U.S. Department of Labor Website: www.dol.gov/whd.**

**The United States Department of Labor wants to remind you that you may contact the Department if you have any questions about your employment situation, such as your classification as an employee (versus independent contractor) and your rights to minimum and overtime wages.**

**If you think you are not being paid in accordance with the law, you can call the United States Department of Labor, Wage and Hour Division, at (602) 542-4515 or 1-866-4-USWAGE (1-866-487-9243), and your name will be kept Confidential.**