1    WO

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9    Martin J. Walsh, Secretary of Labor, United      No. CV-22-00668-PHX-JAT
     States Department of Labor,

10                                                      **ORDER**
                    Plaintiff,

11
     v.
12
     Artificial Grass Masters LLC and Joshua
13   Apodaca,

14                  Defendants.

15

16       On January 26, 2023, the Court issued the following Order:

17           This case was closed by a consent judgment agreed to by the parties.
         (Doc. 8).  Attorney Michael J. McGirr signed the joint motion for consent
18       judgment on behalf of Defendants. (Doc. 6-1 at 12, 15).  The Court interprets
         Mr. McGirr's actions as an appearance on behalf of all Defendants. *See*
19       *Stuart v. McMurdie*, No. CV-10-00044-PHX-ROS, 2010 WL 1759448, at *2
         (D. Ariz. Apr. 30, 2010) (signing a filing constitutes an appearance and a
20       formal "notice of appearance" is not required).  However, the Court notes
         that Mr. McGirr was never added as counsel of record for the Defendants in
21       this Court's docket.
             As a result,
22           **IT IS ORDERED** that the Clerk of the Court shall add Michael J.
         McGirr, 7600 N. 16th St., Suite 100, Phoenix, Arizona 85020, 602-457-2191,
23       Mick@PhocusCompanies.com as counsel of record for both Defendants in
         this case.
24           **IT IS FURTHER ORDERED** that if Mr. McGirr is either not
         admitted to federal court or not signed up for ECF (or both) the Clerk of the
25       Court shall send him instructions for coming into compliance with these
         requirements.
26           **IT IS FURTHER ORDERED** that the Clerk of the Court shall
         resend the notice of electronic filing for Docs. 6, 8, and 9 to Mr. McGirr at
27       the email address listed for him above.

28   (Doc. 11).

1    On January 27, 2023, the Clerk's office informed the undersigned that Mr. McGirr

2  is not admitted to federal court nor signed up of PACER/Electronic Case Filing.  That same

3  day the Clerk's office contacted Mr. McGirr and explained the admissions requirements to

4  him and directed him to become admitted by February 24, 2023.  The undersigned has been

5  informed by the Clerk's office that Mr. McGirr completely ignored them and has not been

6  admitted to federal court.

7    On January 27, 2023, the Court issued the following Order:

8    Pending before the Court is Plaintiff's motion to enforce the judgment
   and for an Order to Show Cause why Defendants should not be held in civil
9    contempt for failing to comply with the judgment. (Doc. 9).  The Court will
   require Defendants to respond to the motion to enforce.  Further, the Court
10   finds Plaintiff has made a *prima facie* showing that the Court should consider
   civil contempt as a remedy.  Thus, the Court will also require Defendants to
11   show cause why they should not be held in contempt.
     Therefore,
12     **IT IS ORDERED** that Defendants shall respond to the motion to
   enforce (part of Doc. 9) by February 9, 2023.
13     **IT IS FURTHER ORDERED** that to the extent Doc. 9 requests that
   this Court issue a show cause order, Doc. 9 is granted in that limited respect.
14     **IT IS FURTHER ORDERED** that by February 9, 2023, Defendants
   shall show cause why they should not be held in civil contempt for failing to
15   comply with the judgment.
     **IT IS FURTHER ORDERED** that, consistent with the Civil Local
16   Rules, Plaintiff's reply in support of the motion to enforce and reply to the
   show cause response are both due within 7 days of when Defendants'
17   responses are filed.
     **IT IS FINALLY ORDERED** that the Court will determine whether
18   a hearing is necessary after briefing is complete.

19  (Doc. 12).  Mr. McGirr took no action on this Order.

20    Mr. McGirr has created an unworkable situation.  An entity defendant cannot appear

21  in federal court without licensed counsel.  *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.,*

22  366 F.3d 972, 973-74 (9th Cir. 2004); *Pope Equity Trust v. Stradley,* 818 F.2d 696, 697

23  (9th Cir. 1987).  Thus, the Court would not have accepted the consent decree on behalf of

24  the entity Defendant in this case, Artificial Grass Masters LLC, without representation.  At

25  the time of the consent decree, the Court was unaware Mr. McGirr was not admitted to

26  practice in federal court.

27    Now, the Government is seeking to hold Defendants in contempt for (allegedly)

28  violating the consent decree.  For the Court to proceed with the Government's motion (Doc.

9), the entity Defendant must be represented by licensed counsel or be defaulted. Moreover, the Court is concerned the Mr. McGirr is not forwarding this Court's orders and other filings to his clients since he has not responded to the Clerk's office as discussed above (the Government served some of its filings on the client directly – *see* Docs. 14 and 15).

Accordingly,

**IT IS ORDERED** that by April 21, 2023, Mr. McGirr shall become admitted to federal court and sign up for PACER/ECF.

**IT IS FURTHER ORDERED** that Mr. McGirr MUST file a response to Doc. 9 on behalf of his clients by April 28, 2023.

**IT IS FINALLY ORDERED** that if either of the foregoing does not occur, then on Wednesday, May 3, 2023, at 2:00 p.m., Mr. McGirr shall appear in-person and show cause why he should not be sanctioned, including but not limited to referral to the State Bar of Arizona, for: 1) representing a client in a forum to which he was not admitted; 2) failing to comply with a Court order; and 3) abandoning a client.[1]

Dated this 31st day of March, 2023.

James A. Teilborg
Senior United States District Judge

---

[1] The Government may appear in person or waive their appearance. No remote appearances will be permitted.